Ray Lee VAUGHN, Petitioner,

v.

D. ADAMS, Respondent.

No. 03–16215.

D.C. No. CV–01–05241–OWW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided Nov. 3, 2004.

Ray Lee Vaughn, Corcoran, CA, pro se.

Carolyn M. Wiggin, Esq., Robert R. Anderson, Depty Atty Gen, Attorney General's Office, Sacramento, CA, for Respondent.

Before FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

The California Supreme Court denied Vaughn's habeas petition by way of a citation to *In re Dixon,* 41 Cal.2d 756, 759, 264 P.2d 513 (1953). In *Dixon,* the California Supreme Court ruled that a petitioner may

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not raise matters in a habeas petition that could have been, but were not, raised on direct appeal. *See id.*

We must determine whether *Dixon* rests upon an independent and adequate state ground. If so, habeas relief is procedurally barred. *Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ In *In re Robbins,* 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998), the California Supreme Court explicitly ruled that it would no longer consider whether an error alleged in a state petition constituted a federal constitutional violation. *Id.* at 811–12, 77 Cal.Rptr.2d 153, 959 P.2d 311. The California Supreme Court's directed focus on state issues to the exclusion of federal issues rendered the *Robbins* case an independent state procedural rule for the purpose of federal habeas review. *See Michigan v. Long,* 463 U.S. 1032, 1040, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *see also Park v. California,* 202 F.3d 1146, 1152 (9th Cir.2000). Vaughn's habeas petition was denied by the California Supreme Court on August 9, 2000. As this denial occurred well after *Robbins* was decided, the California Supreme Court's denial of Vaughn's habeas petition was necessarily predicated only upon consideration of state law issues, rendering the ruling an independent procedural bar.

Whether the *Dixon* procedural bar was adequate in addition to being independent depends upon "whether [the] procedural rule was firmly established and regularly followed ... at the time the claim should have been raised." *Fields v. Calderon,* 125 F.3d 757, 760 (9th Cir.1997) (citation and internal quotation marks omitted). Vaughn filed his initial appeal with the California Court of Appeal on November 12, 1997. Thus the question becomes whether *Dixon* was well-established and consistently applied as of November 12, 1997.

In *Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir.2003), we adopted a burden-shifting analysis to determine adequacy. Under this analysis, the state may plead, as an affirmative defense, that the petitioner's failure to satisfy a state procedural bar should foreclose federal review. *Id.* Once the state pleads the bar, the burden shifts to the petitioner to challenge the adequacy of that bar by showing that it has been inconsistently applied. *Id.* The state has the ultimate burden of proving adequacy. *Id.*

■ Although the district court ruled that "the *Dixon* bar was established and consistently applied," the court did not apply *Bennett*'s burden shifting analysis. We vacate the judgment and remand so that the district court may apply *Bennett* to the facts of this case. We express no opinion regarding the result of the application of the *Bennett* rubric by the district court.

VACATED AND REMANDED.